UNITED STATES DISTIRCT COURT
EASTERN DISTRICT OF NEW YORK

ALLISON YOUNG,

                                    Plaintiff,

            - against -

NYU LANGONE HEALTH SYSTEM, d/b/a
NYU Langone Health,

                                    Defendant.

Case No.: 25-cv-3475 (JMA) (JMW)

Jury Trial Demanded

AMENDED COMPLAINT

Plaintiff, **ALLISON YOUNG** (*hereinafter* "Plaintiff"), by and through her attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, monetary damages, and affirmative relief based upon Defendant, **NYU LANGONE HEALTH SYSTEM** (*hereinafter*, "Defendant"), violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (*hereinafter*, "FLSA") for failure to pay overtime wages, violation of N.Y. Labor Law § 190 *et seq.* (*hereinafter,* "NYLL") for unpaid overtime wages and for unlawful deductions, violation of the New York Labor Law § 215 for unlawful retaliation, and other appropriate rules, regulations, statutes and ordinances.

2. Defendant, amongst other acts and omissions discussed below, failed to pay Plaintiff for all hours worked at a rate of one and one (1.5) half times her regular rate of pay for all hours worked in excess of forty (40) per week and unlawfully deducted one (1) hour of pay from Plaintiff's compensation for each shift worked.

3. Defendant also terminated Plaintiff immediately prior to her exercise of intermittent Paid Family Leave which had been previously approved and to which she was entitled under the NYSPFL.

4. Therefore, Plaintiff alleges, pursuant to the FLSA and NYLL, that she is entitled to recover from Defendant: (1) unpaid wages to which she is entitled; and (2) damages for the unlawful retaliation to which she was subject, culminating in her termination. Plaintiff's damages include, but are not limited to, back pay, front pay, emotional damages, liquidated damages, and an award of attorneys' fees and costs, all where applicable by statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to, 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because Plaintiff's residency is within the State of New York, Suffolk County, Defendant maintains an office within the state of New York, Nassau County, and Plaintiff was employed and performed work exclusively within Nassau County.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2

## PARTIES

8.   At all times relevant herein, Plaintiff has been a domiciliary of the State of New York, residing in Suffolk County.

9.   Plaintiff is licensed as a Respiratory Therapist.

10.   At all times relevant herein, Plaintiff has been an "employee" within meaning of the FLSA, 29 U.S.C. § 203(e), Section 201(5) of the New York Workers' Compensation Law ("New York Workers' Comp. Law), and NYLL § 190(2), and all relevant statutes.

11.   At all times relevant herein, Plaintiff has been in the "employment" of Defendant within meaning of Section 201(6) of the New York Workers' Comp. Law and all relevant statutes.

12.   At all times relevant herein, Defendant is a domestic not-for-profit corporation duly organized under the laws of the State of New York.

13.   Defendant is a healthcare network which provides healthcare services and operates numerous medical facilities and practices.

14.   At all times relevant, Defendant was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

15.   At all times relevant herein, Defendant was and remains subject to the requirements of the FLSA because, upon information and belief, it had an annual gross revenue of no less than five hundred thousand dollars ($500,000.00) and has employees who handle goods and/or materials that have been moved or produced

3

in interstate commerce including but not limited to bedding, food, and medical equipment and devices.

## STATEMENT OF FACTS

16. In or around 2009, Plaintiff began employment with Defendant as a Respiratory Therapist.

17. At all times relevant herein, Plaintiff performed work for Defendant at NYU Winthrop Hospital, located at 259 First Street, Mineola, NY 11501.

18. In or around 2020, Plaintiff received a promotion to Supervisor of Respiratory Therapy.

19. Plaintiff performed work in shifts lasting approximately twelve and one-half (12.5) hours each.

20. Plaintiff received compensation for only eleven and one half (11.5) hours of work for each shift.

21. Plaintiff worked no less than three (3) shifts per week.

22. Plaintiff worked no less than four (4) shifts per week at least once per month.

23. Each of Plaintiff's shifts lasted from approximately 6:00 p.m. to 6:30 a.m.

24. Accordingly, Plaintiff worked at least one (1) work week each month in which where was required to work in excess of forty (40) hours.

25. At all times relevant herein, Defendant's employees were prohibited from taking an uninterrupted meal period unless they are first relieved from their assigned job duties by another employee.

4

26. As a Respiratory Supervisor, only another Respiratory Supervisor would be able to relieve Plaintiff so she could take her designated meal period.

27. Accordingly, Plaintiff took an uninterrupted meal period no more than one (1) or two (2) times per month and only when another Respiratory Supervisor was assigned to the same shift.

28. At all times relevant herein, Defendant was aware of this fact and that this policy violates the law.

29. Despite having been aware of Plaintiff (and other employees') inability to utilize uninterrupted meal periods, Defendant continued to deduct one (1) hour of pay from Plaintiff's compensation for each shift worked.

30. If no other supervisors were present, Plaintiff was required to keep a pager on her person, respond to work calls, and respond to the needs of patients during her designated meal period.

31. Although Defendant deducted one (1) hour from Plaintiff's compensation each shift for an uninterrupted meal period, she did not receive any *bona fide* meal period within meaning of the NYLL.

32. Accordingly, Plaintiff is entitled to recover unpaid wages for the hours of overtime she worked without compensation during the work weeks in which she worked in excess of forty (40) hours per week and deductions were made to her pay for meal breaks that she was not afforded.

33. In addition to Plaintiff's claim for unpaid overtime wages and unlawful deductions, she was also subject to unlawful retaliation in violation of the NYLL.

5

34. Judy Ackerman (*hereinafter*, "Ms. Ackerman") supervised Plaintiff's work, set her schedule, and controlled the terms and conditions of Plaintiff's employment since her promotion to Supervisor of Respiratory Therapy.

35. Ms. Ackerman holds the position of Director of Respiratory, Speech, and Occupational Therapy.

36. Ms. Ackerman is an employee of Defendant.

37. Plaintiff has had four (4) children since she began working for Defendant.

38. While employed as Supervisor of Respiratory Therapy, Plaintiff utilized protected leave under the NYSPFL and FMLA to care for or bond with each of her three (3) youngest children.

39. Plaintiff utilized Paid Family Leave and FMLA on an intermittent basis for her two (2) youngest children, born in January 2023, and May 2024, respectively.

40. Specifically, Plaintiff utilized the final two (2) weeks of Paid Family Leave and FMLA to which she was entitled immediately prior to the first birthday of each of these children.

41. On each occasion, Plaintiff was discouraged by Ms. Ackerman from utilizing protected leave.

42. Specifically, Ms. Ackerman adopted a hostile and condescending stance when addressing Plaintiff's requests for or inquiries regarding protected leave and implied that use of such leave may be problematic, as it would place strain on the staff schedule and would be unfair to other employees.

6

43. Ms. Ackerman also discouraged other employes from utilizing Paid Family Leave and FMLA.

44. In or around May 2023, Ms. Ackerman requested that communications between herself and Plaintiff be conducted *via* telephone call.

45. Presumably, Ms. Ackerman made this request of Plaintiff in an effort to avoid creating a written record confirming her efforts to discourage Plaintiff from taking protected leave.

46. In or around July 2024, Plaintiff utilized ten (10) weeks of paid family leave and/or FMLA to care for and/or bond with her newborn child.

47. Ms. Ackerman again chastised and discouraged Plaintiff from utilizing this leave *via* telephone call.

48. In or around September 2024, Plaintiff returned to working her regularly scheduled shifts.

49. In or around October 2024, Joy Thomas, the Associate Director of Respiratory Therapy (*hereinafter*, "Mr. Thomas"), issued a job performance review wherein Plaintiff's job performance was deemed "satisfactory."

50. Similarly, Plaintiff received a job performance review each year prior wherein her job performance was determined to be "satisfactory" or better.

51. In the spring of 2025, Plaintiff intended to utilize the remaining two (2) weeks of paid leave to which she was entitled under the NY PFL Act and the FMLA.

52. Plaintiff notified Ms. Ackerman of this fact.

53. Plaintiff sought to utilize the remaining two (2) weeks of leave to which she was entitled under the NY PFL Act and the FMLA beginning on May 1, 2025.

54. Upon request of Ms. Ackerman, Plaintiff continued working and delayed use of this leave until May 4, 2025.

55. On April 25, 2025, an error occurred within the respiratory therapy unit.

56. While Plaintiff was overseeing other assigned matters, Diya Moncy (*hereinafter*, "Ms. Moncy"), a Respiratory Therapist, administered medicine to a patient.

57. Kevin Seidl, a Respiratory Care Educator (*hereinafter*, "Mr. Seidl"), was responsible for overseeing the administration of medication by Ms. Moncy to the particular patient. He instructed Ms. Moncy on how to do so.

58. Several hours later, Plaintiff received notice from Ms. Moncy admitting that she administered the incorrect dosage of medication to the patient.

59. Plaintiff reasonably believed the incident was reported to the patient's medical provider in accordance with Defendant's established policy.

60. Accordingly, Plaintiff did not submit an incident report to the patient's medical provider or otherwise note the incident in a report.

61. On May 4, 2025, Plaintiff began utilizing leave to which she was entitled under the NY PFL Act and the FMLA.

62. On or about May 8, 2025, Ms. Ackerman demanded Plaintiff submit a statement regarding the April 25, 2025, incident wherein a patient received an improper dosage of medication.

63. Plaintiff subsequently received a telephone call from Ms. Ackerman and Mr. Thomas, notifying her that her employment with Defendant was terminated.

64. On or about May 19, 2025, Plaintiff received a letter from Ms. Ackerman stating that her employment was terminated effective May 19, 2025, allegedly due to Plaintiff's failure to adhere to Defendant's company policy.

65. On or about May 21, 2025, Plaintiff received a letter from Defendant stating that her employment was terminated effective May 3, 2025.

66. The alleged reason for Plaintiff's termination was pretextual.

67. Upon information and belief, only three (3) other individuals with whom Plaintiff worked have previously been subject to termination.

68. Each of these individuals were subject to termination because of a recorded history of violating Defendant's time and attendance policy, impermissibly accessing patient medical charts, or for failing to complete required education modules (each unlike Plaintiff).

69. Upon information and belief, neither Ms. Moncy nor Mr. Seidl, the parties who were actually responsible for the medication error, have been subject to any form of disciplinary action.

70. Plaintiff was discouraged from utilizing protected leave to which she was entitled under the NY PFL Act and the FMLA.

71. Plaintiff was terminated for utilizing protected leave to which she was entitled under the NY PFL Act and the FMLA.

72.  Defendant violated New York Labor Law § 215 by interfering with Plaintiff's rights under the NY PFL Act and the FMLA.

## FIRST CLAIM FOR RELIEF
### (Unpaid Overtime Wages in Violation of the FLSA)

73.  Plaintiff repeats and realleges each preceding paragraph as if set forth fully herein.

74.  At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" within meaning of the FLSA.

75.  At all times relevant herein, Plaintiff was not an overtime-exempt employee and was entitled to compensation at a rate of at least one and one half (1.5) times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

76.  Plaintiff performed work for Defendant in excess of forty (40) hours per week for which Defendant failed to compensate her at a rate of at least one and one half (1.5) times her regular rate of pay in violation of the FLSA.

77.  Specifically, Defendant deducted one (1) hour from Plaintiff's compensation for each shift worked for an uninterrupted meal period.

78.  Plaintiff rarely was able to take an uninterrupted meal period and was required to perform work during such designated time.

79.  Defendant's violations of the FLSA have been willful and intentional.

80.  Accordingly, Plaintiff is entitled to recover overtime compensation to be determined at trial, liquidated damages, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Unpaid Overtime Wages in Violation of the NYLL)

81. Plaintiff repeats and realleges each preceding paragraph as if set forth fully herein.

82. At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" within meaning of the NYLL.

83. At all times relevant herein, Plaintiff was not an overtime-exempt employee and was entitled to compensation at a rate of at least one and one half (1.5) times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

84. Plaintiff performed work for Defendant in excess of forty (40) hours per week for which Defendant failed to compensate her at a rate of at least one and one half (1.5) times her regular rate of pay in violation of the NYLL.

85. Specifically, Defendant deducted one (1) hour from Plaintiff's compensation for each shift worked for an uninterrupted meal period.

86. Plaintiff was rarely able to take an uninterrupted meal period and was required to perform work during such designated time.

87. Defendant's violations of the NYLL have been both willful and intentional.

88. Accordingly, Plaintiff is entitled to recover overtime compensation to be determined at trial, liquidated damages, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Unlawful Deductions in Violation of the NYLL)

89. Plaintiff repeats and realleges each preceding paragraph as if set forth fully herein.

90. At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" within meaning of the NYLL.

91. Plaintiff performed work for Defendant for which she did not receive compensation.

92. Specifically, Defendant deducted one (1) hour from Plaintiff's compensation for each shift worked for an uninterrupted meal period despite having worked during this period, in violation of NYLL § 193.

93. Plaintiff was rarely able to take an uninterrupted meal period and was required to perform work during this period.

94. Defendant failed to compensate Plaintiff for all hours worked.

95. Defendant's violations of the NYLL have been willful and intentional.

96. Accordingly, Plaintiff is entitled to recover earned but unpaid compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Retaliation- NYLL § 215)

97. Plaintiff repeats and realleges each preceding paragraph as if set forth in full herein.

98. At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" within meaning of the NYLL.

12

99. At all times relevant herein, Plaintiff was an "employee" within meaning of Section 201(5) of the New York Workers' Comp. Law.

100. At all times relevant herein, Defendant was an "employer" within meaning of Section 201(4) of the New York Workers' Comp. Law.

101. At all times relevant herein, Defendant was a "covered employer" within meaning of Section 202 of the New York Workers' Comp. Law.

102. At all times relevant herein, Plaintiff was in the "employment" of Defendant within meaning of Section 201(6) of the New York Workers' Comp. Law.

103. Section 215(1)(a)(vii) of the New York Labor Law in relevant part, prohibits employers or its agents or officers from terminating, threatening, penalizing, discriminating, or retaliating against an employee for utilization of a legally protected absence pursuant to federal, local, or state law.

104. Plaintiff notified Defendant of her intention to utilize protected leave to bond with and/or care for her child.

105. Plaintiff was afforded the right to utilize protected leave to bond with and/or care with her child under the NY PFL Act.

106. Plaintiff was afforded the right to utilize protected leave to bond with and/or care with her child under the FMLA.

107. Defendant discouraged Plaintiff from utilizing such leave to which she was entitled under the NY PFL Act.

108. Defendant discouraged Plaintiff from utilizing such leave to which she was entitled under the FMLA.

109. Plaintiff was terminated from her position with Defendant after utilizing leave to which she was entitled under the NY PFL Act.

110. Plaintiff was terminated from her position with Defendant after utilizing leave to which she was entitled under the FMLA.

111. By the actions described above, among others, Defendant interfered with Plaintiff's rights under the NY PFL Act and retaliated against her for her use of those rights.

112. By the actions described above, among others, Defendant interfered with Plaintiff's rights under the FMLA and retaliated against her for her use of those rights.

113. By terminating Plaintiff because of her use of protected leave afforded under the NY PFL Act, Defendant violated Section 215 of the NYLL.

114. By terminating Plaintiff because of her use of protected leave afforded under the FMLA, Defendant violated Section 215 of the NYLL.

115. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of damages, in addition to reasonable attorneys' fees and costs.

116. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress for which she is entitled to an award of compensatory damages and other relief.

117. Defendant's conduct was undertaken with conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, and liquidated damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (FMLA Interference/Retaliation)

118. Plaintiff repeats and realleges each preceding paragraph as if set forth in full herein.

119. At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, Defendant was a "covered employer" within the meaning of the FMLA.

120. By the actions described above, among others, Defendant interfered with Plaintiff's rights under the FMLA and her attempt to exercise those rights.

121. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which she is entitled to an award of damages, in addition to reasonable attorneys' fees and costs.

122. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress for which she is entitled to an award of compensatory damages and other relief.

123. Defendant's unlawful and discriminatory actions constitute reckless intentional, malicious, willful and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

15

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, as a result of the discriminatory and unlawful conduct of Defendant herein alleged, Plaintiff respectfully requests the following relief:

a. Defendant, its agents, employees, officers, and successors in interest, be enjoined from engaging in the illegal and unlawful customs, policies, and practices described herein;

b. Declaratory judgment stating that the practices complained of herein are each unlawful under the FLSA and/or NYLL;

c. On the First, Second, Third, Fourth and Fifth Claims for Relief, an award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages;

d. Plaintiff be awarded compensatory, liquidated, and punitive damages, where applicable by statute, all in an amount to be determined at trial;

e. Defendant to be ordered to pay Plaintiff pre and post judgment interest;

f. Defendant to be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

g. Plaintiff be awarded such other and further relief as the court deems just and proper.

Dated:   August 26, 2025
Bohemia, New York

ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff*

By:   *Ryan Eden*
Saul D. Zabell, Esq.
Ryan M. Eden, Esq.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel:   (631) 589-7242
Fax:   (631) 563-7475
szabell@laborlawsny.com
reden@laborlawsny.com

17